IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT,                         *

Petitioner                                *

v                                         *       Civil Action No. ELH-18-2750

BALTIMORE CITY OFFICE of CHILD            *
  SUPPORT,
                                                                                                                                   *

Respondent
                                                             ***

## MEMORANDUM

Phillip O'Briant, the self-represented plaintiff, filed suit under 28 U.S.C. § 1361, seeking a writ of mandamus.[1] He also submitted several exhibits (collectively, the "Petition"). O'Briant names the Baltimore City Office of Child Support ("OCS") as the sole Respondent. However, his Petition suggests that he seeks to compel a favorable outcome with regard to a lawsuit he filed against OCS in the Circuit Court for Baltimore City. ECF 1 at 2.[2]

The Petition is best explained in light of previous litigation. *See O'Briant v. Cox, et al.,* Civil Action No. ELH-18-2099 (D. Md.). In that case, filed July 10, 2018, O'Briant filed a civil rights action against Baltimore City Circuit Court Judge Sylvester B. Cox; A. Brockington, a Clerk of that court; and unknown "Pro Se Clinic Attorneys" who assist self-represented litigants

---

[1] The Court notes that O'Briant has filed more than a dozen pro se lawsuits in this district in the last 14 months, many in the past two weeks. Of the oldest filings, six have been dismissed after initial review or within weeks of filing, based on dispositive motions. Although some of O'Briant's filings may be meritorious, he should be aware that this Court must share its time with numerous other litigants, and repeated dismissals for lack of jurisdiction may result in the imposition of sanctions to curb future repetitive or frivolous filings.

[2] O'Briant did not provide a civil filing fee or a motion and affidavit requesting leave to proceed in forma pauperis. He also failed to provide proposed summons, a civil cover sheet, and service copies of his Petition. As the action shall not proceed, O'Briant shall not be required to correct these deficiencies.

for that court. In that Complaint (ECF 1), O'Briant requested $1.2 million in damages based on alleged violations of his rights under the Due Process Clause of the 5th Amendment and the Equal Protection Clause of the 14th Amendment. *Id.* at 5. He complained that Brockington encouraged him to seek advice from the Pro Se Attorney Clinic before filing a complaint against OCS, which had "falsely accused him of not making his court ordered payments." *Id.* at 6. As a result of that accusation, plaintiff claimed – as he does here – that his Maryland driver's license was wrongly suspended as of December 2014. *Id.* As the Complaint set forth no federal basis for jurisdiction, the case was dismissed, without prejudice. *Id.,* ECF 3 (Memorandum of July 31, 2018); ECF 4 (Order of July 31, 2018).

As noted in the July 31, 2018 Memorandum, O'Briant's Complaint against OCS, filed in the Circuit Court for Baltimore City, sought money damages for tortious injury due to the improper suspension of driving privileges based on an allegedly false claim that O'Briant had failed to pay child support. That case was dismissed, without prejudice, by Judge Cox on January 12, 2018, due in part to defects in obtaining service of process on the defendant agency. *See O'Briant v. Baltimore City Office of Child Support,* Case No, 24-C-1700-3632 (Balto. City Cir. Ct.), docket entry 10; ECF 1 at 8. O'Briant's motion to alter or amend that judgment was denied by Judge Cox on April 18, 2018. *Id,* docket entry 11/3. O'Briant then sought en banc review of the case and indigency status to proceed on appeal (ECF 1 at 9, *O'Briant v. Balto. City Office of Child Support,* Civil Action No. ELH-18-2750), which was denied by Circuit Court Judge Lawrence Fletcher-Hill. *Id.*

Thereafter, on April 30, 2018, O'Briant filed suit against Judge Cox. That case was dismissed on May 17, 2018. *See O'Briant v. Cox,* Case No. 24-C-1800-2698 (Balto. City Cir.

Ct.). As noted above, O'Briant then filed suit in this Court against Judge Cox and other Circuit Court personnel. As indicated, that case was dismissed, without prejudice.

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted).

Even assuming O'Briant could show these prerequisites, this Court cannot compel mandamus relief with regard to a State court decision. Therefore, the Petition is denied.

A separate Order shall be entered in accordance with this Memorandum.


Date: September 12, 2018           /s/
                                    Ellen L. Hollander
                                    United States District Judge