# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PHILLIP O'BRIANT,     *

Plaintiff     *

v     *     Civil Action No. ELH-18-2750

BALTIMORE CITY OFFICE of CHILD SUPPORT,     *

    *

Defendant

\*\*\*

## MEMORANDUM

Phillip O'Briant, the self-represented plaintiff, filed a "Writ of Mandamus" in this Court on September 6, 2018, essentially seeking a favorable outcome with regard to an unsuccessful lawsuit he filed in the Circuit Court for Baltimore City against the Baltimore City Office of Child Support ("OSC"). ECF 1. Further, this case appears to be an effort by plaintiff to repackage an earlier, related suit filed in federal court in Case ELH-18-2099.[1]

By Memorandum and Order of September 12, 2018, the underlying case was dismissed. ECF 2; ECF 3. The Court said, *inter alia*, that it lacks the authority under 28 U.S.C. § 1361 to compel an officer of the State of Maryland to take the requested action. *Id.*, ECF 2 at 3.

On September 18, 2018, after the case was closed, plaintiff filed a document titled "Writ of Mandamus Amended." ECF 4. In addition to reiterating grounds for mandamus relief, it contains an additional claim alleging denial of equal protection under the Fourteenth Amendment to the Constitution, based on the dismissal of O'Briant's State court suit by Baltimore City Circuit Court Judge Sylvester Cox. ECF 4 at 4-5. Mr. O'Briant subsequently submitted

---

[1] To the extent relevant, I incorporate the facts set forth in ELH-18-2099, at ECF 3.

correspondence on December 11, 2018 (ECF 5) and exhibits. He complains that I have "failed to render [my] decision in a timely manner . . . ." ECF 5 at 1.[2]

Contrary to plaintiff's allegations, this Court promptly addressed his Writ of Mandamus. Moreover, the Amended Writ provides no basis for reconsideration of the dismissal of the case. Nor is a hearing necessary. *See* Local Rule 105.6.

## Discussion

The Equal Protection Clause allegations, which presumably are raised as civil rights claims under 42 U.S.C. § 1983, were previously examined by this Court in a Memorandum and Order issued on July 31, 2018, in a related case filed by plaintiff: *O'Briant v. Cox, et al.,* Civil Action No. ELH-18-2099. *See* ECF 3; ECF 4.

By way of review, on July 10, 2017, plaintiff filed a complaint in State court against the Office of Child Support. O'Briant sought money damages for tortious injury due to the improper suspension of his driving privileges, based on an allegedly false claim that he had failed to pay child support. That case was dismissed, without prejudice, by Judge Cox on January 12, 2018, due in part to defects in obtaining service of process on the defendant agency. *See O'Briant v. Baltimore City Office of Child Support,* Case No, 24-C-1700-3632 (Balto. City Cir. Ct.), docket entry 10; ECF 1 at 8. O'Briant's motion to alter or amend that judgment was denied by Judge Cox on April 18, 2018. Then, on April 30, 2018, O'Briant filed suit in State court against Judge Cox. That case was dismissed on May 17, 2018. *See O'Briant v. Cox,* Case No. 24-C-1800-2698 (Balto. City Cir. Ct.).

---

[2] The Court previously noted that, in regard to this case, O'Briant did not pay a civil filing fee or seek leave to proceed in forma pauperis. ECF 2, n.2. Yet, in filing the Amended Writ, plaintiff did not correct that error.

Thereafter, on July 10, 2018, O'Briant filed suit in this Court against Judge Cox, as well as A. Brockington, Court Clerk, and "Pro Se Attorney Clinic Attorneys." *See* Case ELH-18-2099, ECF 1. As noted in my Memorandum of July 31, 2018 in Case ELH-18-2099 (ECF 3), an ordinary mechanism of review was available to plaintiff under Maryland law; O'Briant could have sought review of the dismissal of his case in the Maryland Court of Special Appeals. *See* Md. Code (2013 Repl. Vol.), § 12-301 of the Courts and Judicial Proceedings Article. Further, any claim against Judge Cox for decisions made in his capacity as a judge would be barred by the doctrine of judicial immunity. *See*, *e.g.*, *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Day v. Johns Hopkins Health System Corp.*, 907 F.3d 766, 771 (4th Cir. 2018); *see also* Civil Action ELH-18-2099, ECF 3 at 3-4.

Amendment of this action, to include a civil rights action based on O'Briant's action against OCS, would be futile. As noted in ECF 2, under 28 U.S.C. § 1361, federal courts have original jurisdiction in a mandamus action to compel a federal officer to perform a duty owed to a petitioner. But, plaintiff's request is directed at the State of Maryland.[3]

Alternatively, to the extent the Amended Writ of Mandamus constitutes a request for reconsideration, it is without merit and shall be denied.

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). However, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines,* 532 F.3d 269, 278-80 (4th Cir. 2008).

---

[3] It would also appear that this case may be barred by the doctrine of res judicata and/or by the Rooker-Feldman doctrine.

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

In this circuit, there are three limited grounds for granting a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)); *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002). Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 *Wright, et al., Federal Practice & Procedure* § 2810.1, at 127–28 (2d ed. 1995)). Generally, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Wright, et al.*, supra, § 2810.1, at 124).

Plaintiff fails to present any arguments that establish a change in the law. There is no indication of new evidence that was not available prior to the dismissal of the case. Plaintiff is not entitled to reargue the case. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452 470 (D. Md. 2002), *aff'd*, 86 Fed. App'x 665 (4th Cir. 2004); *see also Hutchinson*, 994 F.2d at 1082 ("[M]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion.").

An Order follows.

Date: December 14, 2018             /s/
                                                                  Ellen L. Hollander
                                                                   United States District Judge